# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EZEQUIEL REYNA, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 08-3753 |
| | § | |
| MATTHEW T. GRAFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a suit to enforce a settlement agreement. (Docket Entry No. 1). Ezequiel Reyna, Jr. and The Law Offices of Ezequiel Reyna, Jr. (together, "Reyna") filed this suit against Matthew T. Graff and Matthew T. Graff & Associates in Texas state court. Reyna alleged breach of contract and sought an accounting of funds due under the settlement agreement. (*Id.*, Ex. 1). The defendants timely removed on the basis of diversity jurisdiction. (Docket Entry No. 1).

The parties were referred to mediation in April 2009. (Docket Entry No. 9). In July 2009, counsel for the defendants moved to withdraw. (Docket Entry No. 10). The court ordered Matthew T. Graff to appear at a hearing on the motion. (Docket Entry No. 11). Graff did not appear, and this court granted his counsel's motion to withdraw. (Docket Entry No. 13).

Graff filed a suggestion of bankruptcy. (Docket Entry No. 12). This court stayed the case as to Graff under 11 U.S.C. § 362(a)(1). (Docket Entry No. 14). The court ordered

Matthew Graff & Associates to appoint new counsel and file a notice of appearance no later than September 25, 2009. (Docket Entry No. 14). No notice of appearance has been filed.

In December 2009, this court ordered the plaintiffs to report on the status of the case and show cause why the case should not be stayed and administratively closed against all the parties in light of Graff's bankruptcy. (Docket Entry No. 15). The plaintiffs filed a status update stating they agreed that the stay should remain in effect against Graff due to his bankruptcy, but that the case should not be stayed against the Matthew T. Graff & Associates because the law firm had not filed for bankruptcy. (Docket Entry No. 16).

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate.'" *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). Ordinarily, the automatic stay under § 362 does not apply to actions against a nondebtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). Courts recognize that a § 362 stay may apply to an action against nondebtor defendants depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (quoting *A.H. Robins*

*Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).  The party invoking the stay has the burden to show it is applicable.  *See* 2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor").

Matthew T. Graff & Associates has not shown an identity of interests with Graff to extend the § 363 stay to it as a nonbankrupt codefendant.  Accordingly, the case will proceed against Matthew T. Graff & Associates.  Matthew T. Graff & Associates must enter a notice of appearance by June 21, 2010.  Failure to do so will result in entry of a default judgment.

SIGNED on May 6, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge